Allan R. COHEN, etc., Plaintiff,

v.

Jack CARRAO, Defendant,

and

J. Carrao Trucking and Warehousing Co., Garnishee.

No. 78 C 607.

United States District Court, N.D. Illinois, E.D.

April 27, 1984.

---

Selwyn Zun, Jay S. Riskind, D'Ancona & Pflaum, Chicago, Ill., for plaintiff.

Edgar A. Blumenfeld, Chicago, Ill., for garnishee.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On August 18, 1983 Allan Cohen, as Trustee in Bankruptcy of Carrao Warehousing, Inc. ("Cohen"), obtained a $195,377.35 judgment against Jack Carrao ("Carrao"). This opinion deals with the legal sufficiency of Cohen's efforts to enforce that judgment against Carrao's wholly-owned corporation, J. Carrao Trucking and Warehousing Co. ("Trucking"):

1. On December 21, 1983 Cohen caused a garnishment summons to issue against Trucking, returnable January 19, 1984.

2. On December 22 the summons was served on the Illinois Secretary of State under Illinois Business Corporation Act ("BCA") § 13, Ill.Rev.Stat. ch. 32, ¶ 157.-13, Cohen having stated the necessary condition precedent to such service under the statute ("whenever [the corporation's] registered agent cannot with reasonable diligence be found at the registered office in this State").

3. Because Trucking did not respond Cohen moved for and obtained a conditional judgment against Trucking February 8, 1984. See the applicable provision of the recently codified Code of Civil Procedure ("Code"), Ill.Rev.Stat. ch. 110, ¶ 12–706(a).

4. On the same day Cohen caused a summons returnable March 7, 1984 to be issued against Trucking, commanding it "to show cause why the judgment should not be made final" (id.). That summons too was served on the Secretary of State under BCA § 13.

5. Again Trucking did not respond, and the conditional judgment was made final March 7 in accordance with Code § 12–706(a).

Within ten days after entry of the final judgment Trucking filed a motion to vacate the judgment, claiming both lack of knowledge of the proceeding and that it had not been served with any process.

Cohen has responded to Trucking's original petition with an account of persistently sleazy conduct by Carrao in ducking service of process. Cohen's account of the extensive and futile efforts to obtain service before resorting to the Secretary of State appears to have the ring of truth, while Carrao's countering story in his deposition stretches credulity (perhaps an understatement). But that does not control here, for Cohen has run afoul of the intricacies of two statutes that it appears the Illinois General Assembly never contemplated might have to interact.

Enforcement of federal court judgments is controlled by Fed.R.Civ.P. ("Rule") 69(a), which refers this Court to "the practice and procedure of the state in which the district court is held [here Illinois], existing at the time the remedy is sought [here December 1983 to March 1984]." Illinois garnishment procedures are now Code §§ 12–701 to 12–719. Code § 12–705 reads in relevant part:

Summons shall be returnable not less than 21 nor more than 30 days after the date of issuance.... If the garnishee is served with summons less than 10 days

prior to the return date, the court shall continue the case to a new return date 14 days after the return date stated on the summons.[1]

BCA § 13, after defining the already-referred-to condition under which the Secretary of State may be served as the "irrevocably appointed ... agent of [a] corporation,"[2] states:

> Any service so had on the Secretary of State shall be returnable in not less than thirty days.

Rule 69(a) mandates this Court's insistence on Cohen's adherence to both those procedural requirements. Fortunately it need not be decided what the consequences would have been in the absence of any overlap.[3] Under the two statutes a judgment creditor can steer between Scylla and Charybdis by causing a garnishment summons to be issued with a return day precisely 30 days hence (thus complying with Code § 12–705) and by delivering the summons to the Secretary of State that same day (thus complying with BCA § 13).

Here Cohen satisfied the Code by choosing a permissible return day both for the original and the subsequent garnishment summons, in each instance 28 days after issuance. Because those return days did not comply with BCA § 13, however, service on the Secretary of State did not suffice as service on Trucking. If Cohen wanted to invoke that method of service he had to do so in accordance with BCA § 13's own terms.[4]

Accordingly Trucking's motion to vacate the judgment must be and is granted. Trucking's Mem. 3 "prays that an Order of this Court be entered vacating the judgment entered against it and that leave be given to the Garnishee-Defendant to file its answer to the pending garnishment proceedings."[5] That prayer is answered, and leave is granted to Trucking to answer the garnishment proceedings on or before May 7, 1984. This action is set for a status report at 8:45 a.m. May 10, 1984.

1. Just why the return-day requirements are so stated is puzzling, and the mystery is not cleared up by the identically-worded predecessor to Code § 12–705, Ill.Rev.Stat. ch. 62, § 36, or the Historical and Practice Notes to that provision, Smith-Hurd Ill.Ann.Stat. ch. 62, § 36 at 779–80 (1972 ed.). In light of the last sentence of Code § 12–705 quoted in the text, there seems to be no talismanic significance to the originally designated return date.

2. It will be assumed for current purposes Cohen has shown that condition was satisfied. Trucking's registered office is apparently still the residence of Carrao's now-divorced wife, where Carrao of course no longer resides.

3. That would have been the case, for example, had Code § 12–705 required a return day of *less* than 30 days while BCA § 13 still required service returnable in *at least* 30 days.

4. Cohen's Mem. 2 invites this Court to divine the "clear intent" of BCA § 13 "to give the Secretary of State time in which to fulfill the mailing requirements of ¶ 157.13." This Court is better at reading than at mind-reading (especially the collective mind of the Illinois General Assembly), and no amount of such divination can override the clearly stated and unambiguous requirements of the statute itself. Cohen's argument that Trucking was unharmed by non-compliance with the 30-day provision (an argument that points to Trucking's failure to provide the Secretary of State with the current address of its registered agent or officers) proves too much. It was that very failure that enabled Cohen to call BCA § 13 into play in the first place, and no bootstrapping from that fact is appropriate.

5. This Court was gratified to see Trucking's non-assertion of its original alternative motion for dismissal of the entire garnishment proceedings, forcing Cohen to begin again. Perhaps Trucking's counsel has apprised Carrao of the potential sanctions for unreasonable and vexatious multiplication of proceedings or other evasive tactics.